**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000497
25-OCT-2013
09:48 AM**

NO. CAAP-11-0000497

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
CHADWICK TADLY, Defendant-Appellant.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 10-1-0039)

SUMMARY DISPOSITION ORDER
(By: Reifurth and Ginoza, JJ.
with Nakamura, C.J. dissenting)

Defendant-Appellant Chadwick Tadly (Tadly) appeals from a Judgment of Conviction and Sentence filed on June 22, 2011, in the Circuit Court of the First Circuit[1] (circuit court). Judgment was entered against Tadly for Manslaughter in violation of Hawaii Revised Statutes (HRS) § 707-702 (Supp. 2012),[2] and Carrying or Use of Firearm in the Commission of a Separate Felony

---

[1] The Honorable Randal K. O. Lee presided.

[2] HRS § 707-702 provides, in relevant part, that:

§707-702 **Manslaughter.** (1) A person commits the offense of manslaughter if:
(a) The person recklessly causes the death of another person; . . .
. . . .
(3) Manslaughter is a class A felony.

in violation of HRS § 134-21 (2011).[3]  The charges arise from a shooting incident which caused the death of Kamuela Kaleikilo (decedent).

On appeal, Tadly contends that the circuit court abused its discretion by (1) excluding relevant character traits of the decedent's violence and aggressiveness; (2) prohibiting the use of decedent's toxicology report for the purpose of demonstrating the reasonableness of Tadly's actions; and (3) prohibiting opinion testimony by lay witnesses.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Tadly's points of error as follows:

(1) Prior to trial, the defense filed notices that it intended to introduce evidence of decedent's prior acts of violence, including a conviction for assault in the second degree, an assault with a golf club, a stabbing incident in Waipahu, and an assault against an unknown male in the evening hours just prior to the shooting incident.  Appellee State of Hawaii (State) filed a motion in limine seeking to preclude the evidence of decedent's prior aggressive conduct, and at the hearing on the motion, the State stipulated it would not challenge that decedent was the first aggressor.  The circuit

_____

[3]  HRS § 134-21 provides that:

>    [§134-21] **Carrying or use of firearm in the commission of a separate felony; penalty.**  (a) It shall be unlawful for a person to knowingly carry on the person or have within the person's immediate control or intentionally use or threaten to use a firearm while engaged in the commission of a separate felony, whether the firearm was loaded or not, and whether operable or not . . . .
>    . . .
>    (b) A conviction and sentence under this section shall be in addition to and not in lieu of any conviction and sentence for the separate felony; provided that the sentence imposed under this section may run concurrently or consecutively with the sentence for the separate felony.
>    (c) Any person violating this section shall be guilty of a class A felony.

court ruled that, balancing the probative value and prejudicial effects of the evidence, it would not allow evidence of the assault conviction, the golf club incident, or the stabbing incident.[4]

Tadly contends on appeal that, although Hawaii Rules of Evidence (HRE) Rule 404(b) generally precludes evidence of a person's prior bad acts to demonstrate that he acted in conformity therewith, this case fell within exceptions allowed under State v. Lui, 61 Haw. 328, 603 P.2d 151 (1979) and State v. Basque, 66 Haw. 510, 666 P.2d 599 (1983). In particular, Tadly argues under Lui and Basque that the excluded evidence should have been admitted to show not only that the decedent was the aggressor, but that decedent's violent character traits would have demonstrated the reasonableness of Tadly's apprehension of immediate danger. We conclude that the circuit court did not abuse its discretion.

In both Lui and Basque, the defendants claimed self-defense against murder charges. In this case, the State contends that Tadly did *not* assert self-defense at trial and Tadly does not dispute the State's contention.[5] Rather, Tadly argues that the evidence was relevant to show that his actions were reasonable in not calling the police when decedent started being aggressive toward another house guest and why Tadly needed to act quickly and produce a gun "to get decedent's attention." Because there is no dispute that the decedent was the first aggressor and because Tadly did not claim self-defense or defense of others at

---

[4] The circuit court initially took under advisement whether it would allow evidence of the assault in the evening before the shooting, but subsequently allowed evidence of this assault at trial. Tadly's challenge on appeal does not involve this evidence.

[5] At the hearing on the motion in limine, in response to the State's motion for disclosure of defenses, defense counsel advised that Tadly would rely on accidental death and did not indicate a reliance on self-defense. Moreover, the defense did not argue self-defense in opening or closing statements. Although the defense requested a self-defense jury instruction, which was denied by the circuit court, Tadly does not claim on appeal that the circuit court's denial of that request was error.

trial, the circuit court did not abuse its discretion in precluding the evidence in issue. "Where the details of the fatal encounter are free from doubt, a defendant cannot bootstrap into evidence the character of deceased to serve improperly as an excuse for the killing under the pretext of evidencing deceased's aggression." Lui, 61 Haw. at 331, 603 P.2d at 154.

Even if we were to assume *arguendo* that Tadly raised a self-defense or defense of others claim at trial, he did not lay a proper foundation for admission of decedent's prior acts of violence.

> [W]here character evidence is offered to show the reasonableness of the defendant's apprehension, he must lay a foundation, prior to the admission of the evidence, that he knew at the time of the homicide of the deceased's reputation or of the specific acts of violence committed. This foundation is required because the evidence is probative of the defendant's state of mind, showing his belief or corroborating his knowledge as to the deceased's character and tending to prove that he acted as a reasonably prudent person would under similar beliefs and circumstances.

Id. at 329-30, 603 P.2d at 154. In Lui, the supreme court held that the trial court had not abused its discretion in precluding evidence that the decedent had raped and beaten a 13-year-old girl because "[t]he trial court was required to weigh the probative value of this evidence against the prejudicial impact on the minds of the jurors. Not only was the rape incident remotely connected to the circumstances of this case, there was no foundation as to when it happened." Id. at 331, 603 P.2d at 154.

Here, Tadly does not point to any foundation evidence as to what he knew about the decedent's prior violent acts or when the prior acts occurred. Tadly makes conclusory assertions in his appellate briefs, without citation to evidence in the record, that he was aware of decedent's prior violent acts and that they were close in time to the shooting. If we consider the argument of counsel during the hearing on the State's motion in limine, counsel argued that decedent bragged about his prior violent acts and thus Tadly knew about them; however, there was

4

no assertion by counsel as to when the prior acts occurred. Without the required foundation, we cannot say that the circuit court abused its discretion in precluding the evidence of decedent's prior violent acts.

(2) Tadly contends that the circuit court abused its discretion in not allowing Tadly to utilize decedent's toxicology report -- showing decedent had alcohol, cocaine and ecstasy in his system -- for the purpose of establishing "the reasonableness of [Tadly's] action, i.e. why decedent was so out of control that [Tadly] needed to show a handgun to get decedent's attention." The circuit court allowed the toxicology report for purposes of addressing cause of death, however, the court ruled it would not allow the toxicology report for establishing decedent's aggressive conduct unless a foundation was laid by an expert as to the effect of the substances on decedent.

Tadly relies on State v. Saboq, 108 Hawai'i 102, 117 P.3d 834 (App. 2005) for the broad proposition that there is no requirement for expert testimony to explain the effects of drugs ingested by a person and that a jury is "fully capable of determining the effects of drugs and giving it the appropriate weight in its determinations." However, the holding in Saboq is narrower, that a witness could be questioned about her drug use and addiction "at or near the time of the incident *to the extent that it affected her perception or recollection of the alleged event*," without the need for expert testimony to that effect. Id. at 111, 117 P.3d at 843 (emphasis added). Saboq thus does not support the broad notion that Tadly asserts.

Ultimately, it was within the circuit court's discretion whether allowing Tadly to use the toxicology report to establish decedent's aggressiveness had probative value that outweighed the potential for prejudice. Under the circumstances of this case, we conclude it was within the circuit court's discretion to require expert testimony to explain at least the general effects of the substances found in the toxicology report.

Moreover, even if we assume that the circuit court should not have limited the use of the toxicology report as it did, it was harmless error.  The toxicology report was admitted into evidence related to decedent's cause of death.  Thus, the jury had the information as to the substances in decedent's body at the time of his death.  If Tadly's assertion is correct, that a jury is fully capable of determining the effects of drugs and giving it the appropriate weight, the jury was able to consider the information in this case.

(3)  Tadly's third point of error is that the circuit court abused its discretion in prohibiting lay opinion on the ultimate issue of whether the shooting was accidental.  Tadly mischaracterizes the circuit court's ruling.  The circuit court simply sustained the prosecution's objection to defense counsel's question to Brenton Dwiggins (Dwiggins), "[Did Tadly] show[] the gun to really let [decedent] know to calm down?"  The circuit court ruled that this question called for speculation of Tadly's motivation.  This ruling did not limit inquiry into the witness's opinion whether the shooting was accidental.

Furthermore, the challenged evidentiary ruling did not prevent eyewitnesses from relating to the jury that the shooting may have been accidental.  Chance Tadly testified that the shooting was an accident and that his father was in shock afterward.  Dwiggins confirmed that Tadly appeared to be in shock.  Takahide Nakamura testified that the shooting was the result of a struggle.  The jury also heard from Tadly that he did not mean to shoot decedent when the State played a DVD of Tadly's statement to police.

Moreover, based on its verdict, the jury determined that the shooting was not intentional or knowing.  Tadly was convicted of the lesser included offense of Manslaughter and not the offense charged of Murder in the Second Degree.  As opposed to Murder in the Second Degree, which requires intentionally or knowingly causing the death of another, to commit Manslaughter one must recklessly cause the death of another.  HRS §§ 707-701.5

6

(1993) & 707-702(1)(a). The record is replete with evidence to support the jury's conclusion that Tadly recklessly caused the death of another.

Therefore,

IT IS HEREBY ORDERED that the Judgment of Conviction and Sentence filed on June 22, 2011, in the Circuit Court of the First Circuit, is affirmed.

DATED: Honolulu, Hawai'i, October 25, 2013.


On the briefs:

Nelson W.S. Goo
for Defendant-Appellant

Stephen K. Tsushima
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Associate Judge

Associate Judge